Defendant-appellant, Trina Wilson, appeals from the judgment of the Marion Municipal Court for Marion County finding her guilty of aggravated menacing in violation of R.C. 2903.21.
The following events leading to defendant's conviction transpired at the house of Efren Delapaz and his wife, Regina, on the evening of September 15, 1998. Defendant was married to Efren's brother, Alejandro ("Alex"). Defendant was upset that evening because Alex had taken off in the car with their daughter, Violet. She went to the Delapaz's home, but was told that they were not there. Efren testified that defendant pointed a handgun at him and threatened to kill him and his brother. Regina testified that defendant pulled a handgun out of her pocket and aimed it at her face. Additionally, Regina testified about defendant threatening to kill Alex and a family friend.
Patrolman Daniel Ice of the Marion City Police Department testified for the prosecution. On the evening of September 15, 1998, he was dispatched to the Delapaz's home on a call of a subject pointing a weapon at another subject. During the reporting of the incident to the patrolman, Efren and Regina appeared upset, excited, and scared. The patrolman determined he had probable cause to file charges against defendant for aggravated menacing and pointing a firearm. The complaint for aggravated menacing charges defendant with causing Efren to believe the defendant would cause serious physical harm to a member of his immediate family.
Defendant testified at trial as to her actions on the evening in question. She claimed she had only pointed her finger towards them and denied having a gun in her hand. If she had anything in her hand, defendant insisted it had to have been the keys to her car. Defendant also said that the only threat that she may have made was that nothing had better happen to her daughter, Violet. Defendant's other daughter, Mindy, testified for defendant as a corroborative witness, but it must be noted that Mindy had stayed in the car and it was dark outside. Casey Holler, Regina's daughter, testified that defendant had pointed a gun at Efren, her stepfather, but when defendant was in her car.
The trial court found defendant guilty of aggravated menacing and not guilty of pointing a firearm. Defendant now appeals her conviction and raises the following assignment of error:
 Defendant's conviction for aggravated menacing was not supported by sufficient evidence and was, in fact, against the manifest weight of the evidence.
Defendant claims that her conviction was not supported by sufficient credible evidence and was against the manifest weight of the evidence as it pertains to the complainant's belief defendant would cause serious physical harm to him or his family, which is an essential element of the offense. Specifically, defendant argues that given the trial court's finding of not guilty on the charge of pointing a firearm, the trial court obviously found the State's witnesses lacked credibility, especially considering the inconsistencies between their versions of the events on the evening of September 15, 1998. Defendant further argues that the fact the alleged threat made against Efren was not reported to Patrolman Ice shortly after the incident occurred affected the credibility of the State's witnesses.
In State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus, the Ohio Supreme Court held that: "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court's function is to "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See Thompkins, supra, at 386 (stating that "sufficiency is a test of adequacy"). The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. Jenks, supra.
With respect to the standard for determining whether a conviction is against the manifest weight of the evidence, the court in Thompkins, supra, at 387, stated:
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42 * * *. See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175 * * * ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").
The offense of aggravated menacing with which defendant was charged is set forth in R.C. 2903.21 as follows:
 (A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person * * * or a member of the other person's immediate family.
In the present case, Efren testified that defendant did verbally threaten to kill him and his brother and directly point her gun at him. Efren testified that he was scared during this incident. Similarly, Regina testified as to her fright, as to defendant threatening to kill Alex and a family friend who was standing there, and that the gun was aimed at her face by the defendant. Patrolman Ice recalled they were frightened after the incident occurred. At that time, they reported the defendant's threats to kill Alex. The criminal charges against defendant were instigated after Patrolman Ice had interviewed Efren and Regina on the matter and determined that there was probable cause.
The trial court could have found in this case that Efren and Regina's testimony combined with the testimony of Patrolman Ice was believable in finding defendant guilty of aggravated menacing. While the evidence may have been insufficient to support a finding of guilty of pointing a firearm, it seems clear that there was testimony as to defendant brandishing a gun while uttering threats of serious physical harm. With respect to the alleged inconsistencies between the State's witnesses' account of events, i.e., defendant's specific location at the time of the incident, who the gun was being pointed at by defendant, and the color of her gun, we cannot say that these inconsistencies render entirely unreliable the testimony from the State's witnesses. Efren and Regina observed the incident from the same spot and they testified based on their own face-to-face encounter with defendant. The inconsistencies regarding the exact location of the incident was not troubling given that defendant's own testimony of the encounter contends that she did not know how it happened that they had stepped off the tiny stoop at the door of the house and were in the yard talking. Nor was the inconsistency involving the color of the gun substantial.
Finally, the absence of the fact from the patrolman's report that defendant had threatened Efren does not automatically make Efren's testimony incredible. Further, as charged, it was enough that the State proved a threat of serious physical harm to a member of his immediate family. The patrolman's testimony supports the testimony relative to the threat against Efren's brother.
Taken together, this evidence is sufficient to support the aggravated menacing conviction beyond a reasonable doubt. We also conclude that the trial court did not clearly lose its way and create such a manifest miscarriage of justice that the conviction must be reversed. Thompkins, supra. Accordingly, we find that defendant has not shown that her conviction was based upon insufficient evidence or against the manifest weight of the evidence. The assignment of error is overruled.
The judgment of the municipal court is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.